UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JON ETHRIDGE and RENEE D. ETHRIDGE,   Case No. 13-13314
  District Judge Nancy G. Edmunds
    Plaintiffs,   Magistrate Judge Laurie J. Michelson

v.

COUNTRYWIDE HOME LOAN, EXTINCT LENDER;
MORTGAGE ELECTRONIC REGISTRATION SYSTEM;
MERSCORP, CORPORATION TRUST; and
BANK OF AMERICA, N.A.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT
## DEFENDANTS' MOTION TO DISMISS [7]

Plaintiffs once again seek to challenge the foreclosure of their mortgage, using a complaint that differs little from a complaint that was dismissed with prejudice in a prior action. Defendants Countrywide Home Loans, Inc., Mortgage Electronic Registration Systems, Inc., MERSCORP Holdings, Inc., and Bank of America, N.A., move to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 7.) The motion is before this Court for a report and recommendation. (Dkt. 9.) The Court has considered Plaintiffs' response (Dkt. 12), Defendants' Reply (Dkt. 13), and Plaintiffs' Sur-Reply (Dkt. 14) (although it was filed without permission), and does not believe that oral argument will substantially aid in resolving the parties' dispute. *See* E.D. Mich. 7.1(f)(2). Because Plaintiffs' claims are barred by res judicata, the Court RECOMMENDS that Defendants' Motion to Dismiss be GRANTED and that this case be DISMISSED.

## I. BACKGROUND

Plaintiffs previously brought an action against these same Defendants concerning the same property and making generally identical claims (although the precise nature of Plaintiffs' claims is somewhat difficult to discern). *See Ethridge et al. v. Countrywide Home Loans, Inc., et al.*, No. 12-10705 [hereinafter "*Ethridge I*"], Am. Compl. (April 20, 2012). After liberally construing Plaintiffs' conclusory and vague amended complaint in that case, this Court recommended granting Defendants' motion to dismiss for failure to state a claim. *See Ethridge I,* Report & Recommendation (Oct. 16, 2012). District Judge Nancy G. Edmunds adopted the recommendation and dismissed the case. *Ethridge I*, Order Adopting Report & Recommendation (Nov. 2, 2012); *Ethridge I*, Judgment (Nov. 2, 2012).

More than eight months after the entry of judgment, Plaintiffs filed a motion for relief from judgment because the court's order dismissing the case had referred to Plaintiffs as "Defendants," although the court had issued an amended order to correct the mistake. *Ethridge I*, Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(A)(B) (Aug. 1. 2013); *see Ethridge I*, Amended Order Accepting and Adopting Magistrate Judge's Report & Recommendation (Dec. 14, 2012). Plaintiffs also sought relief from the judgment because they claimed the court had not acted on their motion for default judgment, although in fact the court denied that motion. *See Ethridge I*, Order Accepting Magistrate Judge's Report & Recommendation (July 25, 2012). Judge Edmunds denied the motion for relief from judgment as moot because the case was closed. *Ethridge I*, Order (Aug. 5, 2013). Plaintiffs filed an appeal to the Sixth Circuit from that order. *Ethridge I*, Notice of Appeal (Aug. 13, 2013).

Plaintiffs filed the present case in state court on July 11, 2013, and it was removed to federal

2

court by Defendants on August 1, 2013. (Dkt. 1, Compl.) The Complaint contains little factual detail. It alleges that "Plaintiff is the current lawful owner" of the property at 17801 Rowe, Detroit, ("the Property") and attaches a quit claim deed for the property in Jon Ethridge's name, recorded on August 9, 1996. (Compl. Ex. A.) The first page of a mortgage document for the Property is also attached. (Compl. Ex. B.) The mortgage was between Plaintiffs as mortgagors and Defendant Mortgage Electronic Registration Systems, Inc., ("MERS") (as nominee for America's Wholesale Lender) as mortgagee, and secured a loan of $85,500. (*Id.*) It was recorded on September 14, 2004. (*Id.*) An "Assignment of Mortgage" is also attached to the Complaint: in it, MERS assigned the mortgage to The Bank of New York Mellon f/k/a The Bank of New York as Successor Trustee to The JPMorgan Chase Bank, N.A., as Trustee for the Certificate Holders of CWABS Master Trust, revolving Home Equity Loan Asset backed Notes, Series 2044-J. (Compl. at Pg ID 95.) The assignment was recorded on May 19, 2011. (*Id.*)

The Complaint recites many abstract legal conclusions without connecting them to any factual allegations about the Defendants. After sifting them out, Plaintiffs appear to allege the following:

The Assignment of Mortgage (identified in the Complaint as "Document ID# 13166731825555365) is a fraudulent document because it was signed and notarized by "robo signers," prepared by a "robo attorney," and recorded electronically, and because MERS "is not licensed to record or assign Mortgages as of 5-8-2003." (Compl. ¶ 6.)

"The Principal is in violation of UCC & 201 (39)" because "after several request for Validation He/She either failed or refuse[d] to Validate the alleged Debt and is now in Default for non response." (Compl. ¶ 5.)

3

Plaintiff "discovered certain bogus instruments which purported to divest Plaintiff of all interest in the subject property by way of Silent Fraud, also Violation of Section 600.2109—Recorded Conveyance and Instruments—Certified Copies." (Compl. ¶ 7.)

Defendants violated the Servicer Performance Agreement and "REMIC law" "due to its poor bookkeeping of accounts." (Compl. ¶ 8.)

Defendants "violated RESPA—the federal Real Estate Procedures Act of 1974, 12 USC Sec 2601 et seq. and Regulation C, promulgated pursuant thereto, 24 C.F.R. Part 3500." (Compl. ¶ 10.)

## II. LEGAL STANDARD

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the Plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the Plaintiff," but the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Hunter v. Sec'y of U.S. Army,* 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). To survive a motion to dismiss under Rule 12(b)(6), a Plaintiff must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In ruling on a motion to dismiss, the Court may consider the complaint as well as documents

referenced in the pleadings and central to the Plaintiff's claims, and matters of which a court may properly take notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); *Amini* v. *Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001). The Court's consideration of these documents does not require conversion of the motion to one for summary judgment. *Greenberg* v. *Life Ins. Co. of Virginia,* 177 F.3d 507, 514 (6th Cir. 1999).

In applying the Rule 12(b)(6) standards to a complaint drafted by a *pro se* plaintiff, a court must be mindful that allegations in the complaint are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, "the administration of justice is not wellserved by the filing of premature, hastily drawn complaints," and even a pro se litigant "must conduct enough investigation to draft pleadings that meet the requirements of federal rules." *Burnett v. Grattan*, 468 U.S. 42, 50 & n.13 (1984).

## III. ANALYSIS

Defendants argue that Plaintiffs' claims are barred by res judicata because their "nearly identical" complaint was dismissed with prejudice for failure to state a claim by Judge Edmunds in November 2012. (Mot. at 4–6.) Plaintiffs do not argue that the complaint in this case includes any new allegations that address the defects of the complaint that was dismissed. Instead, they argue that "the Plaintiff was not given full and fair opportunity to be heard on the issue," and that "Plaintiffs filed an appeal of the companion case." (Resp. at 2–3.)[1]

Res judicata or claim preclusion bars all claims by the parties based on the same cause of action, as to every matter actually litigated and every theory that could have been presented, when

---

[1] Plaintiffs also argue that Defendants "vaguely pled" res judicata without specifying whether they meant claim preclusion or issue preclusion, but Defendants' brief unequivocally argues that Plaintiffs' claims are barred.

four elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).[2]

First, the decision in Plaintiffs' prior action is a final decision on the merits. The case was dismissed for failure to state a claim, and further leave to amend was denied. *See Ethridge I*, Report & Recommendation at 12; *Ethridge I*, Amended Order Accepting and Adopting Magistrate Judge's Report & Recommendation (Dec. 14, 2012). Granting a motion to dismiss for insufficiency of the complaint serves as a final decision on the merits unless the district court specifies otherwise. *Guzowski v. Hartman*, 849 F.2d 252, 255 (6th Cir.1988). It is of no consequence that there is a pending appeal in the prior case. "[I]t is well established that a final trial court judgment operates as res judicata while an appeal is pending." *Commodities Exp. Co. v. U.S. Customs Serv.*, 957 F.2d 223, 228 (6th Cir. 1992).

Second, the two plaintiffs and four defendants are identical in each case.

Third, Plaintiffs have not disputed that the claims in this action are the same as the claims that were dismissed in the previous action. The Court's review of the two complaints confirms it. Like the Complaint here, the previously dismissed complaint included claims of fraud (*Ethridge I*, Am. Compl. ¶¶ 9, 13, 14, 16); "violation of UCC & 201 (39)" (*id.* ¶ 28); violation of "Section 600.2109 of the MCL, recorded Conveyance and Instruments Certified Copies" (*id.* ¶¶ 9, 15); violation of the Service Performance Agreement (*id.* ¶ 23); violation of REMIC law (*id.* ¶¶ 23, 32);

---

[2] Although Defendants cite Michigan state case law on res judicata, a federal court applies federal law in determining the preclusive effect of a prior federal judgment. *See J.Z.G. Resources, Inc., v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir.1996).

and violation of the Real Estate Procedures Act, 12 U.S.C. § 2601 *et seq.* (*id.* ¶ 24).

Fourth, the causes of action are identical. Identity of causes of action means an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Sanders Confectionery Products, Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992). Both complaints purport to challenge the Defendants' foreclosure of Plaintiffs' mortgage on the Property. Although Plaintiffs attached to their complaint in the prior case documents that pertained to an adjacent property, *see Ethridge I*, Am. Compl. Exs. A–C, this court noted the error and assumed in its recommendation to dismiss that Plaintiffs' claims pertained to 17801 Rowe, the Property at issue in this case. *See Ethridge I,* Report & Recommendation at 3. Plaintiffs did not object. *See Ethridge I*, Judgment.

Plaintiffs attach the correct Assignment of Mortgage for the Property to their Complaint in the present case, and make factual allegations about it that were not made in the previous case—i.e. that it was signed and notarized by "robo signers," prepared by a "robo attorney," recorded electronically (constituting "wire fraud"), and that MERS "is not licensed to record or assign Mortgages as of 5-8-2003." (Compl. ¶ 6.) These are the only new factual allegations in the Complaint. But because the Assignment was made and recorded in May 2011 (Compl. at Pg ID 95), these allegations could have been included in the prior action when it was filed in January 2012 (*Ethridge I*, Notice of Removal Ex. A (Feb. 16, 2012)). Where a claim "arose from the same transaction, or series of transactions," the fact that the claimant asserts alternative theories of recovery "does not allow [her] to avoid claim preclusion, when those other theories could have been asserted" in the prior action. *See Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006) (quoting *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994)) (internal

7

quotation marks omitted).

All of the elements of res judicata—a final decision on the merits, identity of parties, identity of issues, and identity of causes of action—are met. *See Kane*, 71 F.3d at 560. Plaintiffs' claims in this case are precluded by the dismissal of the prior action.

## IV. CONCLUSION AND RECOMMENDATION

Because Plaintiffs' claims are barred by res judicata, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** and that this case be **DISMISSED**.

## V. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation by the district judge within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596–97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a

reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                              s/Laurie J. Michelson  
                                              LAURIE J. MICHELSON  
                                              UNITED STATES MAGISTRATE JUDGE

Dated: November 18, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 18, 2013.

                                              s/Jane Johnson  
                                              Deputy Clerk